765 F.2d 1085
 38 Fair Empl.Prac.Cas. 750,
38 Empl. Prac. Dec. P 35,531
URBAN JACKSONVILLE, INC., as guardian ad litem for Lawrence
L. Heisel, Plaintiff-Appellant,
v.
John A. CHALBECK, etc., et al., Defendants-Appellees.
 No. 84-3716
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 July 16, 1985.
 John T. Sefton, Jacksonville, Fla., for plaintiff-appellant.
 Curtis Fallgatter, Asst. U.S. Atty., Jacksonville, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before RONEY, FAY and JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a denial of judicial relief from an administrative honorable discharge from the Navy for admitted homosexuality. The sole issue on appeal concerns the alleged bias of the three officers on the Administrative Discharge Board. The district court held that the record reflected nothing more than permissible policy bias. We affirm.
 
 
 2
 Lawrence Heisel was an active Naval officer until 1965, when he resigned and accepted a reserve commission. In 1973 Heisel and his wife were divorced. Heisel's ex-wife complained to Naval authorities that Heisel was a homosexual. This information was relayed to Heisel's commanding officer, who, pursuant to Secretary of Navy Instruction 1900.9A (abbreviated "SECNAVINST 1900.9A"), had the Naval Investigation Service (NIS) conduct an investigation. After being advised of the investigation, Heisel gave the NIS a statement on December 9, 1974, that read:
 
 
 3
 I will state that I am a member of a minority group known as homosexuals. I have recognized that I am sexually oriented toward homosexuality and have participated in homosexual activity for the past two and one half years. I do not want to identify any persons with whom I have been involved in homosexual activity or further describe the type of homosexual activity. I will state that I have never been coerced because of my homosexuality and to my knowledge and belief my homosexuality has never caused me to act in any way to the detriment of the Navy. I do not make a practice of broadcasting the fact that I am a homosexual but I am not secretive about it.
 
 
 4
 On June 7, 1975, a Board of Naval officers met pursuant to 10 U.S.C.A. Sec. 1163(a) in Jacksonville, Florida, to consider Heisel's case. The Board unanimously recommended that Heisel be separated from the Naval Service with an honorable discharge. Heisel requested another administrative hearing before a different board of officers. His request was never granted.
 
 
 5
 The instant action was originally filed on August 7, 1975. Heisel requested a preliminary injunction against the discharge. That request was denied on January 8, 1976, with the district court finding that Heisel had not exhausted his administrative remedies with the Navy. The court stayed further proceedings in the civil action and required Heisel to pursue an administrative appeal to the Board of Correction of Naval Records ("BCNR"). The BCNR denied Heisel's petition on May 7, 1980. Heisel filed an amended complaint with the district court on June 13, 1980.
 
 
 6
 On March 14, 1982, Heisel fell from a roof, sustained severe head trauma, and has been mentally and physically incompetent since that time. Urban Jacksonville, Inc. was appointed guardian ad litem. Thus the practical purpose of this suit is to decide whether Heisel is to receive full retirement benefits if and when he reaches age 65.
 
 
 7
 The case was tried on July 6, 1983. On September 17, 1984, the district court entered its memorandum opinion and final judgment denying relief. Many grounds for relief were asserted in the trial court, but only the bias of the Board members is argued on appeal. On appeal plaintiff does not challenge the constitutionality of the regulations invoked against him by the Navy, assert any right to engage in homosexual conduct, or dispute the fact that the Navy policy of discharging homosexuals is rationally related to the special needs of military discipline.
 
 
 8
 Heisel's basic argument is that a discharge for homosexuality is not mandatory under SECNAVINST 1900.9A, but that the three members of Heisel's Board all stated that in light of SECNAVINST 1900.9A there were no conceivable circumstances under which they would retain a homosexual in the Navy. Thus the "Board members were unequivocally incapable of carrying out the Secretary of the Navy's announced policy of evaluating each case on its own merits and considering homosexuals for retention on a case by case basis."
 
 
 9
 Sitting as a court of review of the record in this case, we cannot fault the decision of the district court that "the answer to the interrogatory does not display anything more than permissible policy bias." See FTC v. Cement Institute, 333 U.S. 683, 701, 68 S.Ct. 793, 803, 92 L.Ed. 1010 (1948). Although the case is close, Heisel has failed to show conclusively that the three board members had so completely closed their minds to Heisel's case that the district court's decision is wrong as a matter of law.
 
 
 10
 After the initial voir dire of the Board members, Heisel's counsel asked each member whether they could keep an "open mind towards argument as to whether or not the Secretary of the Navy's instruction is binding on your decisionmaking process today." All said yes. Furthermore, the Board was specifically instructed by Government counsel that their purpose was not to "rubber stamp" any policies but to base their decision on "individual good judgment" and "objective sound reasoning." Thus the discretion allowed Board members in their decisionmaking capacity was explained to them.
 
 
 11
 The case has been considered on the assumption, without deciding, that Heisel's discharge was not mandatory under Naval regulations, or that at least there was some ambiguity as to the effect of the regulations. It should be noted, however, that the Ninth Circuit found that discharge of homosexuals was mandatory under SECNAVINST 1900.9A, unless the Secretary of the Navy concludes the individual's "record marks him as being highly unusual or especially valuable to the Navy." Beller v. Middendorf, 632 F.2d 788, 802-05 (9th Cir.1980), cert. denied, 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981). See also Dronenburg v. Zech, 741 F.2d 1388, 1389 n. 1 (D.C.Cir.1984) (noting limited exceptions of Navy's homosexual discharge policy). Whether or not the discharge policy was mandatory, any confusion concerning that issue at voir dire was most likely caused by Heisel's counsel, who continually referred to SECNAVINST 1900.9A as requiring mandatory discharge. The BCNR, in reviewing the Board's recommendation, noted that discharge was not mandatory.
 
 
 12
 AFFIRMED.